**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**v.**

**TIMOTHY MICHAEL HISEY (01),**

    **Defendant.**

**Case No. 18-40063-01-DDC**

**MEMORANDUM AND ORDER**

This matter comes before the court on defendant Timothy Hisey's Motion to Vacate (Doc. 31).[1] The government has responded (Doc. 36) and Mr. Hisey has replied (Doc. 40). For reasons explained below, the court denies Mr. Hisey's motion.

**I.   Procedural History**

On June 27, 2018, a grand jury returned an Indictment charging Mr. Hisey with possession of several firearms by a prohibited person, violating 18 U.S.C. § 922(g)(1) and § 924(a)(2). Doc. 1. The sole count of the Indictment charged:

---

[1] The same day that Mr. Hisey's counsel filed a Motion to Vacate (Doc. 31), Mr. Hisey filed a pro se Application for Leave to File a Second or Successive Motion to Vacate under 28 U.S.C. § 2255 (Doc. 33). The claims in Mr. Hisey's pro se motion are similar to the arguments counsel presented in his § 2255 motion (Doc. 31). Mr. Hisey's pro se motion claims that (1) the court should set aside his conviction under *Rehaif* because he lacked knowledge of his status as a felon, and (2) he received constitutionally inadequate assistance of counsel because his counsel advised him to plead guilty to a crime which he was not guilty of committing. Doc. 33 at 5. Mr. Hisey asserts he was not guilty of the charged crime—felon in possession of a firearm under § 922(g)(1) and § 924(a)(2)—because no prior conviction exposed him to a sentence of more than one year in prison. *Id.* "The Supreme Court has recognized a constitutional right to self-representation, but not to simultaneous self-representation and representation by counsel (known as hybrid representation)." *United States v. Couch*, 758 F. App'x 654, 655 (10th Cir. 2018); *see also United States v. Treff*, 924 F.2d 975, 979 n.6 (10th Cir. 1991) ("The decision to allow hybrid representation and to limit the defendant's participation in such representation is within the discretion of the trial court."). Exercising its discretion, the court declines to consider Mr. Hisey's pro se motion. But, in effect, the court addresses all of Mr. Hisey's arguments when it decides his § 2255 motion filed by counsel.

> On July 17, 2017, in the District of Kansas, the defendant . . . having been convicted of a crime punishable for a term of imprisonment exceeding one year, to wit: on August 12, 2016, defendant was convicted of possession of opiate, opium, narcotic drug or stimulant, in violation of K.S.A. 65-4107 and 21-5706(a), in the District Court of Shawnee County, Kansas, case no. 16CR000851, a felony offense, did knowingly possess in and affecting commerce a firearm, to wit: (1) a Remington Arms, Model No. 6 Falling Block, .22 caliber rifle, bearing serial number S109017; (2) a Mossberg, model 46B, .22 caliber [r]ifle with no serial number; (3) a Remington Arms, Model 870 Express, 410 gauge shotgun, bearing serial number A450154H; (4) a Remington Arms, Model 870 Express Magnum, 20 gauge shotgun, bearing serial number B202062U; (5) a Remington Arms, Model 870, 12 gauge shotgun, bearing serial number C289890M; (6) a Remington Arms, Model 514, .22 caliber rifle, with no serial number; (7) a Cresent Firearms Company, no model designated, 12 gauge shotgun, bearing serial number 7435; and (8) a William H. Davenport, model 1891, 12 gauge shotgun, bearing serial number 65795, all of which had been shipped and transported in interstate and/or foreign commerce, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

*Id.* at 1–2.

On October 1, 2018, Mr. Hisey entered a binding plea agreement with the government under Fed. R. Crim. P. 11(c)(1)(C). Doc. 22. The pertinent part of the factual basis of the plea agreement provided:

> On August 12, 2016, defendant was convicted of possession of opiate, opium, narcotic drug or stimulant, in violation of K.S.A. 65-4107 and 21-5706(a), in the District Court of Shawnee County, Kansas, case no. 16CR000851, a felony offense.
>
> On July 17, 2017, in the District of Kansas, the defendant . . . met with an undercover agent of the A.T.F., at which time the defendant . . . knowingly possessed and sold, in and affecting commerce, the following stolen firearms: (1) a Remington Arms, Model No. 6 Falling Block, .22 caliber rifle, bearing serial number S109017; (2) a Mossberg, model 46B, .22 caliber [r]ifle with no serial number; (3) a Remington Arms, Model 870 Express, 410 gauge shotgun, bearing serial number A450154H; (4) a Remington Arms, Model 870 Express Magnum, 20 gauge shotgun, bearing serial number B202062U; (5) a Remington Arms, Model 870, 12 gauge shotgun, bearing serial number C289890M; (6) a Remington Arms, Model 514, .22 caliber rifle, with no serial number; (7) a Cresent Firearms Company, no model designated, 12 gauge shotgun, bearing serial number 7435; and (8) a William H. Davenport, model 1891, 12 gauge shotgun, bearing serial number 65795, all of which had been shipped and transported in interstate and/or foreign commerce.

*Id.* at 2 (Plea Agreement ¶ 2). The parties jointly recommended that Mr. Hisey serve 40 months' imprisonment, or the low end of the Guidelines range—whichever was lower—followed by three years of supervised release. *Id.* at 3 (Plea Agreement ¶ 3). On February 4, 2019, the court accepted the Plea Agreement and sentenced defendant to 40 months' imprisonment. Docs. 27 & 28. On February 5, 2020, Mr. Hisey filed a Motion to Vacate under § 2255 (Doc. 31).

## II.  Discussion

Mr. Hisey argues that the court should vacate his conviction under *Rehaif v. United States*, 139 S. Ct. 2191 (2019). In *Rehaif*, the Supreme Court held that the government, when prosecuting a charge under § 922(g) and § 924(a)(2),[2] must prove that the defendant "knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Id.* at 2200. Mr. Hisey contends that, because the government never alleged or proved this element, his guilty plea was involuntary.[3] Doc. 31 at 5–6. The government concedes Mr. Hisey's claim that his plea was involuntary is cognizable on collateral review for two reasons: (1) *Rehaif* applies retroactively, and (2) Mr. Hisey filed a timely motion under § 2255(f)(3). Doc. 36 at 4–5. But, the government asserts, Mr. Hisey has procedurally defaulted his claim. *Id.* at 5–6.

### A.  Procedural Default

The Supreme Court has "strictly limited" the circumstances under which a defendant may attack his guilty plea on collateral review. *Bousley v. United States*, 523 U.S. 614, 621 (1998).

---

[2] Section 924(a)(2) of Title 18 to the United States Code states that "[w]hoever knowingly violates" § 922(g) shall be subject to penalties of up to ten years' imprisonment.

[3] A guilty plea is "constitutionally valid only to the extent it is 'voluntary' and 'intelligent.'" *Bousley v. United States*, 523 U.S. 614, 618 (1998) (quoting *Brady v. United States*, 397 U.S. 742, 748 (1970)).

"[E]ven the voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review." *Id.* Where a petitioner has failed to challenge the validity of his plea on direct appeal, he procedurally defaults his claim. *Id.* And, "if the government raises procedural bar, the courts must enforce it and hold the defendant's claims procedurally barred unless cause and prejudice or a miscarriage of justice is shown." *United States v. Allen*, 16 F.3d 377, 378 (10th Cir. 1994).

Mr. Hisey concedes that before now, he never has raised a *Rehaif* argument, *i.e.*, an argument that the government failed to prove that he knew, at the time he possessed the firearm, that he had been convicted of a disqualifying felony. Doc. 31 at 6. But, he argues, he did not procedurally default his claim because he can establish cause and prejudice. *Id.* at 6–11. Alternatively, he asserts, he actually is innocent of the charged crime. *Id.* at 11. The court addresses each of Mr. Hisey's arguments, below.

### 1. Cause

One way a petitioner can show cause for failing to raise his claim on direct review—and the method Mr. Hisey invokes—is to show that the claim was "'so novel that its legal basis was not reasonably available to counsel.'" *United States v. Wiseman*, 297 F.3d 975, 979 (10th Cir. 2002) (quoting *Reed v. Ross*, 468 U.S. 1, 16 (1984)) (alteration omitted). There are three situations where the novelty of a constitutional claim operates as the functional equivalent of "cause."

> First, a decision of [the Supreme] Court may explicitly overrule one of [its] precedents. Second, a decision may overturn a longstanding and widespread practice to which [the Supreme] Court has not spoken, but which a near-unanimous body of lower court authority has expressly approved. And, finally, a decision may disapprove a practice [the Supreme] Court arguably has sanctioned in prior cases.

*Reed*, 468 U.S. at 17 (citations, alterations, and internal quotation marks omitted).  Mr. Hisey argues that he can establish cause under the second of *Reed*'s three categories.  Doc. 31 at 6–7.  That is, Mr. Hisey's motion argues he had cause not to present a *Rehaif*-type challenge to his guilty plea before now because *Rehaif* "overturned the unanimous precedent of 'all the Federal Courts of Appeals and all the state courts of last resort,' who had 'agreed that knowledge of status was not required[.]'"  *Id.* at 7 (quoting *Rehaif*, 139 S. Ct. at 2210 (Alito, J., dissenting)).

The government contends that Mr. Hisey's futility argument fails to establish cause.  Doc. 36 at 7–10.  Its response argues that Mr. Hisey has stretched *Reed* "beyond the breaking point" and that "adverse circuit precedent" fails to establish cause.  *Id.* at 9.  The court agrees that the futility of raising an argument does not necessarily establish cause.  *Bousley*, 523 U.S. at 623 ("[F]utility cannot constitute cause if it means simply that a claim was unacceptable to that particular court at that particular time.") (citation and internal quotation marks omitted); *see also Evans v. Horton*, 792 F. App'x 568, 571 (10th Cir. 2019) (holding that futility of raising an argument on direct appeal does not automatically establish cause).

In *Evans*, the Tenth Circuit explained that "the question in this context is whether 'a constitutional claim is so novel that its legal basis was not reasonably available to counsel.'"  792 F. App'x at 571 (quoting *Reed*, 468 U.S. at 16) (alteration omitted).  Courts should not find cause where the "'basis of a constitutional claim is available, and other defense counsel have *perceived* and *litigated* that claim.'"  *Id.* (quoting *Clanton v. Muncy*, 845 F.2d 1238, 1242 (4th Cir. 1988) (further citation omitted)); *see also United States v. Thorn*, 659 F.3d 227, 233 (2d Cir. 2011) (concluding no cause because, at the time of petitioner's direct appeal, other defense attorneys had made a similar argument); *Lindsey v. United States*, 615 F.3d 998, 1000 (8th Cir. 2010)

(concluding no cause even though "any such argument was squarely foreclosed in this circuit" at time of conviction and direct appeal).

Mr. Hisey's argument—that the government must prove a defendant knew his status as a felon—was available to him at the time of his conviction. Indeed, our Circuit addressed the same issue that Mr. Hisey now raises in *United States v. Games-Perez*, 695 F.3d 1104 (10th Cir. 2012). In *Games-Perez*, a lengthy dissenting opinion concluded that § 922(g)(1) and § 924(a)(2) require the government to prove a defendant knew he was a convicted felon. *Id.* at 1117–25. This dissent noted that Mr. Hisey's current position had "won [the] endorsement" of a Fourth Circuit judge, albeit in a dissenting opinion, and its "strength has been acknowledged explicitly or implicitly by at least two other circuits." *Id.* at 1124.

One hardly can characterize Mr. Hisey's argument as a novel one. When he pleaded guilty—some seven years after *Games-Perez*—the legal basis for this argument reasonably was available to counsel.[4] And, even though the court likely would have rejected the argument under existing precedent, Mr. Hisey still had to raise the argument to avoid procedural default. *See*

---

[4] Many defendants raised and litigated the same issue before Mr. Hisey entered his guilty plea. *See, e.g.*, *United States v. Garcia-Hernandez*, 803 F.3d 994, 996–97 (8th Cir. 2015) (rejecting argument that government had to prove defendant knew he illegally possessed firearm); *United States v. Wilson*, 437 F.3d 616, 620 (7th Cir. 2006) (rejecting argument that discharge certificate was relevant evidence of defendant's knowledge of his felony status, because "knowledge of the legality or illegality of his conduct is irrelevant to his conviction on the felon-in-possession charge"); *United States v. Capps*, 77 F.3d 350, 351–53 (10th Cir. 1996) (rejecting defendants' claim that knowledge of felony status is an element of § 922(g)(1)); *United States v. Langley*, 62 F.3d 602, 604–18 (4th Cir. 1995) (majority opinion discussing whether government must prove defendant's knowledge of felony status because "[i]t is far from clear . . . exactly what Congress intended to modify in each section of 922 with its use of the term 'knowingly,'" and dissenting opinion arguing that knowledge of prior felony is essential element of a § 922(g)(1) offense); *United States v. Smith*, 940 F.2d 710, 713–14 (1st Cir. 1991) (rejecting defendant's argument that he lacked knowledge that he could not possess firearm because government need only prove that defendant knowingly possessed firearm).

While no defendant had prevailed on this argument before *Rehaif*, many defendants had raised and litigated the issue. And the court should not find cause where the basis for a constitutional claim is reasonably available to counsel. *Evans*, 792 F. App'x at 571.

*Bousley*, 523 U.S. at 623 ("'[F]utility cannot constitute cause if it means simply that a claim was unacceptable to that particular court at that particular time.'" (quoting *Engle v. Isaac*, 456 U.S. 107, 130 n.35 (1982) (internal quotation marks omitted))). The court thus concludes that Mr. Hisey has failed to establish cause.

### 2. Prejudice

Even if Mr. Hisey had established cause, he fails to establish prejudice. *See United States v. Frady*, 456 U.S. 152, 167 (1982) (holding that petitioner must show both cause and prejudice to overcome a procedural default). To meet this standard, Mr. Hisey must show "actual prejudice" resulting from the alleged error. *Id.* Actual prejudice means "that the error of which he complains is an 'error of constitutional dimensions' that 'worked to his actual and substantial disadvantage.'" *United States v. Snyder*, 871 F.3d 1122, 1128 (10th Cir. 2017) (quoting *Frady*, 456 U.S. at 170).

Section 922(g)(1) to Title 18 to the United States Code makes it unlawful for anyone who has been convicted of a crime punishable by imprisonment for a term exceeding one year to possess a firearm. Under *Rehaif*, the government must prove that the defendant "knew he belonged to the relevant category of persons barred from possessing a firearm." 139 S. Ct. at 2200. Mr. Hisey argues that at the time he possessed a firearm, he had no notice that he had been convicted of a crime punishable by more than one year in in prison. Doc. 31 at 7.

The Indictment relied on Mr. Hisey's 2016 conviction for "possession of opiate, opium, narcotic drug or stimulant," in Shawnee County, Kansas District Court to establish his prohibited status. Doc. 1 at 1–2. Mr. Hisey argues that this conviction can't establish prohibited status under § 922(g) because it never exposed him to a prison term. Doc. 31 at 8. Mr. Hisey acknowledges that, under Kan. Stat. Ann. § 21-5706, the presumptive sentencing range for his

7

conviction was 28 to 32 months' imprisonment. Doc. 31 at 8; Doc. 31-1 at 1 (Journal Entry of Judgment). But, Mr. Hisey contends, another statute—Kan. Stat. Ann. § 21-6824(a)—also applies to his conviction.[5] Doc. 31 at 9. Indeed, the Journal Entry of Judgment from Mr. Hisey's conviction confirms his assessment of his Presumptive Sentencing Range and the application of Kan. Stat. Ann. § 21-6824:

> **6. Presumptive Sentencing Range:** (Enter terms from appropriate grid.)   Aggravated  32   Standard  30   Mitigated  28
> Check applicable box(es)   ☐ Presumptive Prison   ☐ Presumptive Probation   ☒ Border Box
> ☒ Drug Treatment for up to 18 months. K.S.A. 21-6824

Doc. 31 at 8; Doc. 31-1 at 1 (Journal Entry of Judgment). Mr. Hisey asserts that Kan. Stat. Ann. § 21-6824 "*requires* that the state district court impose a sentence of probation and drug treatment." *Id.* So, he argues, his "possession of methamphetamine was not punishable by a term of imprisonment for a period exceeding one year." *Id.* at 10.

In support, Mr. Hisey directs the court to *State v. Swazey*, 357 P.3d 893 (Kan. Ct. App. 2015). In *Swazey*, a Kansas state trial court had sentenced defendant to 24 months' imprisonment for his methamphetamine possession conviction. *Id.* at 895. On appeal, the defendant argued that Kan. Stat. Ann. § 21-6824 required the trial court to "grant him probation with drug treatment rather than a prison sentence." *Id.* The Kansas Court of Appeals agreed that, when a defendant meets certain criteria, the court must sentence him to probation with drug treatment under Kan. Stat. Ann. § 21-6824. *Id.* But, the appeals court acknowledged, the

---

5   This statute—also referred to as "Senate Bill 123" or "SB 123"—provides for "a nonprison sanction of certified drug abuse treatment programs for certain offenders . . . ." Kan. Stat. Ann. § 21-6824(a); *State v. Swazey*, 357 P.3d 893, 895 (Kan. Ct. App. 2015). Defendant asserts that he met the criteria the statute imposes for eligibility for the drug treatment program, so the trial court "was required to sentence him to probation and drug treatment." Doc. 31 at 9–10. The government acknowledges that "under SB 123 a defendant is eligible for a sentence of probation and a district court is bound to sentence under that law if conditions warrant" such a sentence. Doc. 36 at 14. In other words, the parties appear to agree, for purposes of this motion, that Kan. Stat. Ann. § 21-6824(a) mandated that the trial court sentence defendant to a drug treatment program rather than to a custody sentence.

language in § 21-6824 conflicted with Kan. Stat. Ann. § 21-6805, which authorizes the court to "'impose an optional nonprison sentence'" if the trial court made certain findings. *Id.* at 896 (quoting Kan. Stat. Ann. § 21-6805(d)). The appeals court concluded that there was "no way . . . to reconcile the conflicting language of these sentencing statutes" and so it "resolv[ed] the conflicting provisions in favor of [defendant]." *Id.* at 897–98. It thus vacated defendant's prison sentence and remanded for additional findings establishing whether defendant qualified for probation with drug treatment under Kan. Stat. Ann. § 21-6824. *Id.* at 898. The appellate court also explained that if defendant had satisfied the requirements of Kan. Stat. Ann. § 21-6824, "he was entitled to mandatory drug treatment and probation rather than the prison sentence he received." *Id.*

Relying on *Swazey*, Mr. Hisey contends that here, as in *Swazey*, "while one statutory scheme would authorize a prison sentence of more than one year for [defendant] . . . the Kansas Court of Appeals has directed that § 6824 governs here, and required that the state court sentence [him] to probation and drug treatment, which is precisely what the sentencing court did." Doc. 31 at 11. So, Mr. Hisey reasons, had he known that § 922(g) required proof he knew he had been convicted of a crime carrying a sentence of more than one year in prison, he would have "(1) filed a motion to dismiss [the Indictment], or (2) proceeded to trial on the theory that his prior felony did not expose him to a sentence of more than one year" in prison.[6] Doc. 31 at 11.

---

[6] For clarification, Mr. Hisey could have filed a motion to dismiss the Indictment or proceeded to trial on the theory that his prior felony conviction did not expose him to a sentence of more than one year in prison. *Rehaif* merely adds the requirement that the government, in felon in possession prosecutions under § 922(g)(1), prove that the defendant *knew* his prohibited status when he possessed the firearm. 139 S. Ct. at 2194–95. Even before *Rehaif* was decided, the controlling law required the government to prove that defendant's prior conviction was for a crime punishable by more than one year in prison. *United States v. Heckard*, 238 F.3d 1222, 1228 (10th Cir. 2001).

9

The government responds that Mr. Hisey is simply "incorrect that his controlled substance conviction (Doc. 31-1) does not qualify as a predicate conviction because he only received a sentence to drug treatment." Doc. 36 at 11. The government asserts that defendants unsuccessfully have made the same argument Mr. Hisey makes here, but in the context of presumptive probation sentences. Doc. 36 at 11. The government cites three decisions by our court in support of its proposition: *United States v. Wattree*, 544 F. Supp. 2d 1262, 1270 (D. Kan. 2008) (holding that the "presumptive durational sentencing range and not the presumptive disposition is determinative of whether a crime is punishable by more than a year" in prison); *United States v. Nichols*, No. 17-40007-01-DDC, 2018 WL 420029, at *9–10 (D. Kan. Jan. 16, 2018) (holding that a probation-presumptive offense still qualifies as a predicate felony where maximum sentence exceeds one year, based on the "continued vitality" of *Wattree*); and *United States v. Sawyer*, No. 17-40060-01-CM, 2018 WL 572094, at *3 (D. Kan. Jan. 26, 2018) (holding that, consistent with *Wattree*, defendant's probation-presumptive offense still qualified as a predicate felony under § 922(g) because the durational sentencing range was at least a year's imprisonment).

In *Wattree*, the defendant challenged his Kansas burglary conviction as a predicate felony under § 922(g)(1). 544 F. Supp. 2d at 1270. The defendant faced a sentence of 11 to 13 months' imprisonment, but with a presumptive disposition of probation. *Id*. The defendant argued that because he faced only a probation disposition, he was not subject to a sentence of more than one year in prison. *Id.* Rejecting defendant's argument, *Wattree* explained that the focus under § 922(g) is on the maximum durational sentence the defendant faces, and the "disposition itself does not affect the maximum sentence exposure of a particular defendant." *Id.* at 1272. According to Mr. Wattree's Journal Entry of Judgment, he faced a maximum durational sentence

of 13 months' imprisonment. *Id.* The court concluded that defendant's burglary conviction thus qualified as a predicate felony under § 922(g) because he was convicted of a crime punishable by imprisonment for more than a year. *Id.* The court held:

> [T]he question turns on whether that durational presumptive sentence is in excess of one year. The presumptive disposition of either prison or probation is not controlling because the court had discretion to depart from that presumptive disposition without first submitting facts to a jury; the disposition itself does not affect the maximum sentence exposure of a particular defendant.

*Id.*

Similarly, in *Nichols*, defendant argued that he could not have violated § 922(g)(1) because he never was convicted of a crime punishable by more than one year in prison. 2018 WL 420029, at *1. Under the Kansas Sentencing Guidelines, the defendant's conviction called for a probation-presumptive disposition. *Id.* at *2. Kansas judges could depart from the presumptive sentence only under certain circumstances not present in his case. *Id.* at *3 (citing Kan Stat. Ann. § 21-6815(a)). The court also considered *Wattree* and subsequent Tenth Circuit cases, and concluded that the *Wattree* analysis remained persuasive. *Id.* at *8–9. And, as in *Wattree*, the court relied on the defendant's sentencing range—not his presumptive disposition of probation—to decide whether the defendant's crime was punishable by more than a year in prison. *Id.*

*Sawyer*'s defendant made the same argument as the *Wattree* and *Nichols* defendants: that his prior burglary conviction was not a qualifying felony under § 922(g) because his offense fell within the presumptive probation range on the Kansas Sentencing Guidelines. 2018 WL 572094, at *1. And, defendant argued, the court never articulated any reasons to justify an upward dispositional departure to a prison sentence, so the court could not legally have sentenced him to more than one year in prison. *Id.* at *2. Relying on *Wattree*, *Sawyer* held that the durational

sentencing range determines whether a conviction counts as a predicate felony under § 922(g). *Id.* at \*3. The court reasoned that under Kansas law, probation is a procedure—not a sentence—granted as an alternative to prison pending successful completion of probation. *Id.* Even though the Kansas court was required to grant the defendant a term of probation, it still had discretion to sentence the defendant to a maximum 14-month suspended prison term. *Id.* Thus, the defendant's Kansas burglary conviction qualified as a felony under § 922(g). *Id.*

Mr. Hisey recognizes these holdings but argues that they do not control the outcome in his case. Doc. 40 at 4. He asserts that they are different from his situation because, in instances of presumptive probation, "[w]hen a defendant falls into a grid box designated as presumptive probation, it is presumed the defendant will be sentenced to probation unless the court exercises its discretion and departs dispositionally ordering the defendant to serve the term of imprisonment . . . ." *Id.* Mr. Hisey asserts he never faced a presumptive probation sentence "or even a Kansas Sentencing Guideline sentence for his 2016 conviction." *Id.* at 4–5. Instead, he contends, he faced a sentence of "*mandatory* treatment." *Id.* at 5. Mr. Hisey argues that because of the mandatory treatment provision in Kan. Stat. Ann. § 21-6824, the state court could not sentence him to any term of imprisonment, much less a term exceeding one year. *Id.* at 7.

But Mr. Hisey's argument neglects that the *Nichols* and *Sawyer* defendants made the same argument he now makes. That is, they both argued that their convictions could not supply the predicate felony required to support a conviction under § 922(g)(1) because the Kansas sentencing judge could not legally have sentenced them to a term of imprisonment. *Nichols*, 2018 WL 420029, at \*3, \*8; *Sawyer*, 2018 WL 572094, at \*2. In both cases, defendants asserted, the maximum sentence they could have received was a sentence to probation. *Id.* Neither defendant prevailed. In *Nichols*, the court embraced *Wattree*'s conclusion that the

12

"'presumptive durational sentencing range'"—not the presumptive disposition—controlled the analysis. 2018 WL 420029, at *8 (quoting *Wattree*, 544 F. Supp. 2d at 1263). And in *Sawyer*, the court explained "that regardless of the fact that the sentencing court was required to grant defendant a term of probation for his burglary conviction," the court still had discretion to sentence him to a suspended prison term of more than one year's imprisonment. 2018 WL 572094, at *3. So, the court concluded, the defendant's conviction in *Sawyer* qualified as a felony under § 922(g). *Id.*

In sum, Mr. Hisey's maximum durational sentence controls whether his conviction qualifies as a predicate felony under § 922(g). *Wattree*, 544 F. Supp. 2d at 1270. The Journal Entry of Judgment shows that the court ordered probation or a drug treatment program, but with an underlying 30-month term of imprisonment:

```
SECTION IV. SENTENCE IMPOSED
1. Guideline Range Imposed: ☐ Aggravated ☒ Standard ☐ Mitigated ☐ Departure – COMPLETE SECTION V
2. Prison Term: KDOC 30 months (including enhancement sentence)
   (Enter months above then check one of the following)   ☐ Prison sentence imposed or ☒ Underlying with probation granted
                                                          ** or Underlying with KDOC Drug Trtmnt Prog. (min. 120 days)
   ☐ Enhancement Sentence- Drug with Firearm: ☐ 6 months ☐ 18 months (K.S.A. 21-6805(g))
                          Ballistic Resistant Material: ☐ 30 months (K.S.A. 21-6804(t))
   ☐ Off-grid Crime:
     ☐ Life - Minimum 15 yrs. ☐ Life - Minimum 20 yrs. ☐ Hard 25 ☐ Hard 40 ☐ Hard 50 ☐ Life without Parole ☐ Death Penalty
     ☐ Per K.S.A. 2014 Supp. 21-6620, 21-6623 or 21-6627, if guidelines sentence greater than mandatory minimum ____ months.
```

Doc. 31-1 at 2 (Journal Entry of Judgment). Consistent with *Wattree*, *Nichols*, and *Sawyer*, the court concludes that Mr. Hisey faced a durational sentence as long as 30 months in prison. The fact that he qualified for drug treatment under Kan. Stat. Ann. § 21-6824(a) does not change the sentencing exposure. *See Wattree*, 544 F. Supp. 2d at 1272 ("The presumptive disposition of either prison or probation is not controlling."); *see also Nichols*, 2018 WL 420029, at *9 (noting that Tenth Circuit decisions have considered the maximum term of imprisonment faced by the defendant—and not his presumptive disposition—when deciding whether a conviction qualifies under § 922(g)); *Sawyer*, 2018 WL 572094, at *3 (holding that although the sentencing court

13

was required to grant probation, the suspended prison term still controls the analysis whether the offense was punishable by more than one year's imprisonment). The court finds that Mr. Hisey sustained a conviction punishable by more than one year in prison, so he has a qualifying conviction under § 922(g).[7]

Mr. Hisey never explicitly argues that because the state court sentenced him to drug treatment, he lacked knowledge that his prior conviction was a qualifying felony under § 922(g). *See Rehaif*, 139 S. Ct. at 2194 (holding that to secure a conviction under § 922(g), the government must prove "that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it"). For example, *Rehaif* cites *Games-Perez* as an example of a situation where a defendant sentenced just to probation might not know that his crime is punishable by more than a year in prison. *Id.* at 2198. In *Games-Perez*, the Colorado state court judge incorrectly told defendant that he would "leave this courtroom not convicted of a felony" during the plea colloquy. 667 F.3d at 1137–38. Mr. Hisey never asserts that anything similar happened in his case, or that he lacked knowledge about his prohibited status because he was sentenced just to drug treatment. For these reasons, Mr. Hisey has failed to establish prejudice, and this conclusion bars his claim procedurally. *Allen*, 16 F.3d at 378.

---

[7] The government also argues that Mr. Hisey was subject to a sentence of more than one year in prison because he "always [was] subject to the underlying sentence should he fail to comply with the strict conditions imposed under SB 123." Doc. 36 at 14. The court previously has rejected this kind of argument. *See Nichols*, 2018 WL 420029, at *9 (explaining that the flaw in the argument that defendant could have had his probation revoked is that the record contained no facts suggesting it was revoked, so the argument amounts to "the 'worst-hypothetical-recidivist' approach explicitly rejected" by Supreme Court precedent); *see also United States v. Brooks*, 751 F.3d 1204, 1213 (10th Cir. 2014) (holding that "in determining whether a state offense was punishable by a certain amount of imprisonment, the maximum amount of prison time a *particular* defendant could have received controls, rather than the amount of time the worse imaginable recidivist could have received"). So, this argument that Mr. Hisey could have had his participation in drug treatment revoked does not influence the court's conclusion that Mr. Hisey's conviction exposed him to a sentence of more than one year in prison.

### B. Actual Innocence

Finally, "a credible showing of actual innocence may allow a prisoner to pursue his constitutional claims . . . on the merits notwithstanding the existence of a procedural bar to relief." *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013). The "high hurdle" defendants face when claiming actual innocence "becomes even higher" after a guilty plea. *United States v. McAbee*, 685 F. App'x 682, 685 (10th Cir. 2017).

Mr. Hisey argues that he is actually innocent of violating 18 U.S.C. § 922(g) because he "has never been convicted of an offense punishable by more than one year" in prison. Doc. 31 at 11. The court already has addressed this argument in its prejudice analysis, above. *See* Part II.A.2. It is the defendant's maximum durational sentence that controls whether his conviction qualifies under § 922(g). *Wattree*, 544 F. Supp. 2d at 1270. Mr. Hisey has not carried his burden to show that he faced a maximum durational sentence of less than one year in prison. The Journal Entry of Judgment provides for a presumptive sentencing range of 28-32 months' imprisonment. Doc. 31-1 at 1. That state law required the Kansas court to grant Mr. Hisey drug treatment and impose a suspended prison sentence (Doc. 31-1 at 2) does make him actually innocent of the charged offense. *See Sawyer*, 2018 WL 572094, at *3 (holding that even though court was required to grant defendant a term of probation for his conviction, it still had discretion to sentence him to a maximum 14-month suspended prison term).

Mr. Hisey's conclusory assertion of innocence provides no basis for the court to find that "it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Schlup v. Delo*, 513 U.S. 298, 327 (1995); *see also McAbee*, 685 F. App'x at 687 (denying defendant's actual innocence claim based on government's failure to prove "knowledge" requirement because defendant must show he is "in fact actually innocent by

15

pointing to some new evidence demonstrating so"). Mr. Hisey has failed to adduce any new evidence demonstrating his innocence. The court thus rejects his actual innocence claim.

### III.     Certificate of Appealability

Finally, Rule 11 of the Rules Governing Section 2255 Proceedings requires the court to "issue or deny a certificate of appealability when it enters a final order adverse" to the petitioner. A court may grant a certificate of appealability only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this burden if "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (citations and internal quotation marks omitted). Here, though it ultimately is unpersuaded by Mr. Hisey's arguments, the court concludes a reasonable jurist could find the court's assessment of Mr. Hisey's claims debatable or wrong. *See id.* Mr. Hisey has made substantial arguments. The court thus issues Mr. Hisey a certificate of appealability.

### IV.     Conclusion

The court denies Mr. Hisey's § 2255 motion because he failed to establish cause excusing his procedural default and actual prejudice resulting from the error of which he complains. Mr. Hisey has not overcome the procedural default barring his claim, and he has failed to establish actual innocence. Finally, the court grants Mr. Hisey a certificate of appealability.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Hisey's Motions to Vacate under 28 U.S.C. § 2255 (Docs. 31 & 33) are denied.

**IT IS FURTHER ORDERED THAT** defendant is granted a certificate of appealability.

**IT IS SO ORDERED.**

**Dated this 3rd day of June, 2020, at Kansas City, Kansas.**

                                                 **s/ Daniel D. Crabtree**
                                                 **Daniel D. Crabtree**
                                                 **United States District Judge**