IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 18-40063-01-DDC |
| TIMOTHY HISEY (01), | |
| Defendant. | |

## MEMORANDUM AND ORDER

This matter is before the court on the government's unopposed Motion to Dismiss Indictment and Vacate Defendant's Conviction (Doc. 51). The government moves to dismiss the Indictment (Doc. 1) under Fed. R. Crim. P. 48(a). And, the government moves to vacate Mr. Hisey's conviction—the relief Mr. Hisey seeks in his post-conviction motion under 28 U.S.C. § 2255 (Doc. 33) and the supplement[1] to that motion (Doc. 31).

Applying our Circuit's opinion, *United States v. Hisey*, 12 F.4th 1231 (10th Cir. 2021), the court must vacate Mr. Hisey's criminal conviction because he isn't guilty of the predicate offense required for a conviction as felon in possession of a firearm under 18 U.S.C. § 922(g)(1). Mr. Hisey's "past conviction had not been punishable with any prison time," so he wasn't a convicted felon. *Id.* at 1236. Mr. Hisey is actually innocent; "possession of firearms didn't

---

[1] The court must determine whether the motion filed by Mr. Hisey's attorney (Doc. 31)—filed on February 5, 2020—supplemented or amended Mr. Hisey's pro se motion, (Doc. 33) which Mr. Hisey mailed to the court on January 31, 2020 (Doc. 33 at 7) and was docketed after his attorney's motion on February 5, 2020. *Hisey*, 12 F.4th at 1240. Amendments "relate to matters that occurred prior to the filing of the original pleading and entirely replace the earlier pleadings[.]" 6A Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice and Procedure* § 1504 (3d ed. 2021). Supplements "deal with events subsequent to the pleadings to be altered and represent additions to or continuations of the earlier pleadings." *Id.* Given this distinction, the court concludes that Doc. 31 supplements Doc. 33 because the attorney's motion (arguing the guilty plea is invalid) added to Mr. Hisey's pro se argument about an invalid guilty plea.

constitute a crime under 18 U.S.C. § 922(g)(1)." *Id.* The court thus vacates Mr. Hisey's sentence.[2]

Also, the government moves, unopposed, to dismiss the Indictment (Doc. 1) under Fed. R. Crim. P. 48(a). The court grants that motion.

**IT IS THEREFORE ORDERED BY THE COURT THAT** that Mr. Hisey's motions for post-conviction relief under 28 U.S.C. § 2255 (Docs. 31 & 33) are granted. Mr. Hisey's conviction and sentence are vacated. The government must release Mr. Hisey from custody immediately.

**AND, IT IS FURTHER ORDERED THAT** the Indictment (Doc 1) is dismissed.

**IT IS SO ORDERED.**

**Dated this 10th day of December, 2021, at Kansas City, Kansas.**

<u>s/ Daniel D. Crabtree</u><br>
**Daniel D. Crabtree**<br>
**United States District Judge**

---

[2] Mr. Hisey asserts two grounds for relief under 28 U.S.C. § 2255: (1) an invalid guilty plea and (2) ineffective assistance of counsel. Doc. 33 at 5. The court vacates Mr. Hisey's sentence because of his invalid guilty plea, so it need not reach his claim of ineffective assistance of counsel.