**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.**

**TIMOTHY HISEY (01),**

**Defendant.**

**Case No. 18-40063-01-DDC**

**MEMORANDUM AND ORDER**

Federal law provides a civil remedy for people unjustly convicted and imprisoned. Before pursuing such a remedy, however, potential claimants must meet certain statutory requirements, including either a pardon or a certificate of innocence. The Tenth Circuit reversed Timothy Hisey's conviction for felon in possession of a firearm because he actually was innocent—his underlying conviction wasn't a felony. So, the court vacated his conviction. Now, Mr. Hisey, proceeding pro se,[1] asks this court to issue a certificate of innocence. Doc. 53.

But Mr. Hisey's Motion for Certificate of Innocence suffers two defects. The court thus grants him leave to amend his filing. The court explains this decision, below.

## I. Background

On June 27, 2018, the government charged Mr. Hisey with unlawfully possessing firearms on July 17, 2017, violating 18 U.S.C. § 922(g)(1). Doc. 1. The government based this felon in possession charge on Mr. Hisey's prior "convict[ion] of a crime punishable by

---

[1] Because Mr. Hisey proceeds pro se, the court construes his filings liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the court does not "assume the role of advocate for [a] pro se litigant." *Id.*

imprisonment for a term exceeding one year[.]" *Id.* at 1. Mr. Hisey pleaded guilty to this charge. Doc. 21; Doc. 22. And the court sentenced him to 40 months' imprisonment. Doc. 28 at 1–2.

On February 5, 2020, Mr. Hisey filed a pro se Motion to Vacate his conviction under 28 U.S.C. § 2255. Doc. 33. The same day, counsel for Mr. Hisey filed a Motion to Vacate his conviction based on *Rehaif v. United States*, 139 S. Ct. 2191 (2019). Doc. 31. The claims in the two motions were similar. Mr. Hisey did not challenge his conviction through a direct appeal, which, normally, would subject his § 2255 motion to procedural default. But both motions argued that Mr. Hisey overcame procedural default because he actually was innocent of the felon in possession charge. The court disagreed and denied the Motions to Vacate in part because Mr. Hisey failed to overcome the procedural default hurdle. Doc. 41 at 16.

Mr. Hisey appealed, and our Circuit agreed with him. It thus reversed this court's decision. *United States v. Hisey*, 12 F.4th 1231, 1234 (10th Cir. 2021). The Circuit concluded that Mr. Hisey overcame procedural default because he is actually innocent of the crime. Specifically, the Circuit determined that the felony on which the government based Mr. Hisey's felon in possession charge was not a felony. *Id.* at 1235–37. Kansas law required the Kansas state court in Mr. Hisey's underlying 2016 conviction to impose a nonprison sanction. *Id.* at 1236 ("[T]he district court had to impose probation and drug treatment."). Thus, the Circuit concluded, Mr. Hisey "did not commit the underlying offense (unlawfully possessing firearms after a felony conviction) because he has no prior conviction punishable by more than a year in prison." *Id.* at 1234. On remand, this court vacated Mr. Hisey's conviction and sentence, and dismissed the Indictment against him. Doc. 52.

On January 18, 2022, Mr. Hisey filed a Motion for Certification of Innocence (Doc. 53). He seeks to file a compensatory damages action against the United States for unjust conviction

and imprisonment under 28 U.S.C. § 1495. But before he can file that action, the law requires Mr. Hisey to procure a certificate of innocence from this court. 28 U.S.C. § 2513.

## II. Legal Standard

Federal law provides a civil remedy for persons who were unjustly convicted and imprisoned. Any person who is "unjustly convicted of an offense against the United States and imprisoned" may bring a claim for damages against the United States in the United States Court of Federal Claims. 28 U.S.C. § 1495. But, before bringing an unjust conviction and imprisonment claim, a potential claimant must meet three statutory requirements, established in 28 U.S.C. § 2513. *First*, the claimant must allege and prove that his "conviction has been reversed or set aside on the ground that he is not guilty of the offense of which he was convicted . . . as appears from the record or certificate of the court[.]" 28 U.S.C. § 2513(a)(1). *Second*, the claimant must satisfy 28 U.S.C. § 2513(a)(2). A claimant satisfies this second requirement in one of two ways. He may allege and prove that he "did not commit any of the acts charged[.]" 28 U.S.C. § 2513(a)(2). Or, he may allege and prove that "his acts, deeds, or omissions in connection with such charge constituted no offense against the United States, or any State[.]" *Id.* *Third*, a claimant must allege and prove that "he did not by misconduct or neglect cause or bring about his own prosecution." 28 U.S.C. § 2513(a)(2).

When a potential claimant files with the court of Federal Claims, he must prove these requirements "by a certificate of the court or pardon[.]" 28 U.S.C. § 2513(b); *accord Sykes v. United States*, 105 Fed. Cl. 231, 233 (2012) (explaining that "an unjust conviction and imprisonment claim must be established by either a certificate granted by the court of conviction or a pardon" (citing *Humphrey v. United States*, 52 Fed. Cl. 593, 596 (2002))); *United States v. Graham*, 608 F.3d 164, 171 (4th Cir. 2010) (explaining that 28 U.S.C. § 2513 labels these three

statutory requirements as "requisite facts" and claimant may prove them only by a certificate from the court or a pardon). This "certificate of the court" is known as a certificate of innocence. *See, e.g.*, *Betts v. United States*, 10 F.3d 1278, 1280 (7th Cir. 1993). Mr. Hisey has petitioned this court for such a certificate.

"Getting a certificate of innocence is wickedly hard[.]" *Savory v. Cannon*, 947 F.3d 409, 434 (7th Cir. 2020) (Easterbrook, J., dissenting). Only "a truly innocent petitioner is eligible for a certificate of innocence and subsequent compensation from the Government." *United States v. Mills*, 773 F.3d 563, 566 (4th Cir. 2014). The petitioner bears the burden to prove all three requirements for a certificate of innocence. *Pulungan v. United States*, 722 F.3d 983, 986 (7th Cir. 2013) ("[Petitioner] is now the plaintiff in civil litigation, so the burdens of production and persuasion are his."); *see also United States v. Keegan*, 71 F. Supp. 623, 636 (S.D.N.Y. 1947) (concluding petitioner had burden because "he is the moving party, who asks the court to find and certify a fact"). And he must prove all three requirements by a preponderance of the evidence. *Abu-Shawish v. United States*, 898 F.3d 726, 739 (7th Cir. 2018).

In contrast, a claimant isn't entitled to a certificate of innocence merely because his conviction was reversed or set aside after incarceration. *Graham*, 608 F.3d at 171 (first citing *Betts*, 10 F.3d at 1284; then citing *Keegan*, 71 F. Supp. at 635); *see also Betts*, 10 F.3d at 1284 ("Congress did not intend to indemnify every imprisoned person whose conviction had been set aside") (citing *Keegan*, 71 F. Supp. at 635); *United States v. Brunner*, 200 F.2d 276, 280 (6th Cir. 1952) ("Innocence of the petitioner must be affirmatively established and neither a dismissal nor a judgment of not guilty on technical grounds is enough."). Instead, certificates of innocence are reserved for those "'who are in fact innocent of any offense whatever.'" *United States v. Racing Servs., Inc.*, 580 F.3d 710, 712 (8th Cir. 2009) (quoting *Betts*, 10 F.3d at 1284); *accord*

*Brunner*, 200 F.2d at 279–80 ( "[T]he court should not grant the certificate unless it is satisfied from the record before it that petitioner is altogether innocent."). And the petitioner must "affirmatively establish[]" his innocence. *United States v. Grubbs*, 773 F.3d 726, 732 (6th Cir. 2014).

## III. Analysis

Mr. Hisey's request for a certificate of innocence relies solely on the Circuit's conclusion that he is actually innocent of unlawfully possessing a firearm. *See generally* Doc. 53. The government concedes that Mr. Hisey has satisfied this first requirement for a certificate. Doc. 55 at 5 ("[H]is federal conviction under 18 U.S.C. § 922(g)(1) has been reversed on grounds that he could not be convicted of a federal firearms offense given the inapplicability of the predicate state offense."). But Mr. Hisey has not carried his burden to allege and prove the second and third requirements for a certificate. The court analyzes each requirement, in turn, below. Then the court considers whether it should grant Mr. Hisey leave to amend his motion.

### A. Second Requirement

The second requirement for a certificate of innocence mandates that Mr. Hisey allege and prove that he "did not commit any of the acts charged *or* [that] his acts, deeds, or omissions in connection with such charge constituted no offense against the United States, or any State[.]" 28 U.S.C. § 2513(a)(2) (emphasis added). The court addresses the first of these two pathways first, *i.e.*: whether Mr. Hisey "did not commit any of the acts charged."

To show that he did not commit "any of the acts charged," Mr. Hisey must demonstrate by a preponderance of the evidence that he did not possess firearms on July 17, 2017—the date the Indictment charges Mr. Hisey with unlawful possession. *Mills*, 773 F.3d at 567 (defining "any of the acts charged" in the felon-in-possession context). The government charged Mr.

Hisey with the act of possessing firearms. And Mr. Hisey's motion doesn't allege, must less prove by a preponderance of the evidence, that he didn't possess firearms. So, his motion doesn't satisfy the "any of the acts charged" option. That leaves the second pathway.

Under it, Mr. Hisey can satisfy this second requirement if he demonstrates that "his acts, deeds, or omissions in connection with such charge constituted no offense against the United States, or any State[.]" 28 U.S.C. § 2513(a)(2). To support this requirement, Mr. Hisey's motion relies solely on the Circuit reversing his conviction and this court then vacating the conviction. Mr. Hisey is correct. He is actually innocent of a *federal* offense. But that's just half of the test. *Grubbs*, 773 F.3d at 733 ("[A]n appellate decision reversing a petitioner's conviction will not in all cases control the question of innocence."). The plain language of the statute requires that Mr. Hisey also demonstrate that his actions did not constitute an offense against the state of Kansas.[2] *See Mills*, 773 F.3d at 567 (affirming district court's denial of certificate of innocence and explaining that, though petitioner's felony conviction for felon in possession under 18 U.S.C. § 922 was improper because his underlying convictions didn't constitute felonies for purposes of § 922(g)(1), his possession of firearms violated North Carolina law). Mr. Hisey's motion doesn't address this question of state law at all.

**B. Third Requirement**

Nor does Mr. Hisey's motion address the third requirement for a certificate of innocence. This requirement asks whether he, by misconduct or neglect, caused or brought about his own prosecution. 28 U.S.C. § 2513(a)(2). The statute doesn't explain what kind of misconduct or neglect would bar a petitioner from receiving a certificate of innocence because he failed this

---

[2] The government cites Kan. Stat. Ann. § 21-4204 to show that Mr. Hisey's conduct would have constituted an offense against the State of Kansas. Doc. 55 at 5. But the Kansas legislature has repealed Kan. Stat. Ann. § 21-4204. 2011 Kan. Sess. Laws 556–57.

third requirement. And other Circuits have taken different approaches to this requirement. *Compare Betts*, 10 F.3d at 1284–85 (concluding that petitioner brings about his own prosecution when he "act[s] or fail[s] to act in such a way as to mislead the authorities into thinking he had committed an offense" and providing examples such as false confessions and intentionally withholding exculpatory evidence), *with Graham*, 608 F.3d at 174 (rejecting *Betts*'s approach and reading statute to "require courts to assess the virtue of a petitioner's behavior even when it does not amount to a criminal offense" (quotation cleaned up)). Mr. Hisey doesn't address this requirement at all, and thus he has failed—to date—to shoulder his burden on this third requirement.

**C. Leave to Amend**

While Mr. Hisey's current motion fall short of meeting all burdens imposed on him, it's early in the case. So, Mr. Hisey's motion falls short. In essence, this is a civil case at the pleading stage. At this early stage, when a pro se plaintiff has filed a deficient pleading, the court should consider whether to grant plaintiff leave to amend. *See Abu-Shawish*, 898 F.3d at 738–39 (reversing district court's dismissal of request for certificate of innocence and explaining "[t]o the extent the district court found, correctly or not, that [petitioner's] petition fell short of what was required, the court should have given him leave to replead"). "Courts should give leave to amend freely, especially when the plaintiff is proceeding pro se." *Panicker v. State Dep't of Agric.*, 498 F. App'x 755, 757 (10th Cir. 2012) (citing Fed. R. Civ. P. 15(a)).

The court grants Mr. Hisey leave to amend. Four reasons lead the court to reach this conclusion. First, the case law in this area is sparse. Second, our Circuit hasn't addressed this aspect of his claim. Third, the statute requires Mr. Hisey to prove a negative, which often is difficult. Last, and most importantly, Mr. Hisey is pro se, attempting to satisfy a "wickedly

hard" standard in an unusual area of law. The court simply can't say that permitting an amendment would prove futile. *See Frank v. U.S. W., Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). The court thus grants Mr. Hisey leave—21 days—to amend his motion to satisfy the shortcomings of his current motion.

## IV. Conclusion

The court grants Mr. Hisey 21 days to amend his defective motion. If he does not amend the motion within 21 days, the court will deny it.

**IT IS SO ORDERED.**

**Dated this 14th day of June, 2022, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**