IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>       **Plaintiff,**<br><br>v.<br><br>**TIMOTHY HISEY (01),**<br><br>       **Defendant.** | Case No. 18-40063-01-DDC |

**MEMORANDUM AND ORDER**

Defendant Timothy Hisey, proceeding pro se,[1] asks this court for a certificate of innocence. Doc. 53. The Tenth Circuit reversed Mr. Hisey's conviction for felon in possession of a firearm because he actually was innocent—his underlying conviction wasn't a felony. *See United States v. Hisey*, 12 F.4th 1231, 1234 (10th Cir. 2021). So, consistent with the Circuit's directive, the court vacated his conviction. Doc. 52.

Federal law provides a civil remedy in the United States Court of Federal Claims for people unjustly convicted and imprisoned. 28 U.S.C. § 1495. This remedy requires a certificate of innocence. But before this court can issue such a certificate, Mr. Hisey must meet all three requirements of 28 U.S.C. § 2513. *First*, Mr. Hisey must allege and prove that his "conviction has been reversed or set aside on the ground that he is not guilty of the offense of which he was convicted . . . as appears from the record or certificate of the court[.]" 28 U.S.C. § 2513(a)(1). *Second*, Mr. Hisey must satisfy 28 U.S.C. § 2513(a)(2). He can satisfy this second requirement in one of two ways. He may allege and prove that he "did not commit any of the acts charged[.]"

---

[1] Because Mr. Hisey proceeds pro se, the court construes his filings liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the court does not "assume the role of advocate for [a] pro se litigant." *Id.*

28 U.S.C. § 2513(a)(2).  Or, alternatively, he may allege and prove that "his acts, deeds, or omissions in connection with such charge constituted no offense against the United States, or any State[.]"  *Id.*  *Third*, Mr. Hisey must allege and prove that "he did not by misconduct or neglect cause or bring about his own prosecution."  28 U.S.C. § 2513(a)(2).

The court previously addressed Mr. Hisey's motion in its Memorandum and Order dated June 14, 2022.[2]  Doc. 56.  In that Order, the court concluded that Mr. Hisey had failed to shoulder his burden on the second and third elements of § 2513(a)(2).  Specifically, the court identified these defects:  (1) the motion failed to address whether his actions constituted an offense against the State of Kansas; and (2) the motion failed to address whether Mr. Hisey, by misconduct or neglect, caused or brought about his own prosecution.  *Id.* at 5–7.  The court granted Mr. Hisey leave to amend his motion and address these shortcomings.  *Id.* at 7–8.  And it warned Mr. Hisey that if he failed to amend the motion within 21 days, the court would deny it. *Id.* at 8.

The time to amend the motion has passed without any word from Mr. Hisey.  So, the motion remains defective.  Relying on its earlier conclusions that Mr. Hisey has failed to shoulder his burden to show he is entitled to a certificate of innocence from this court, the court now denies that motion.

**IT IS THEREFORE ORDERED BY THE COURT** that Mr. Hisey's Motion for Certificate of Innocence (Doc. 53) is denied.

**IT IS SO ORDERED.**

---

[2]   The court explained the factual and procedural background of Mr. Hisey's case in that Order and need not repeat it here.

3

**Dated this 25th day of July, 2022, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**

3